# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢

## JOE FAYED AND A. AMEEN v. W. H. HARRIS GROCERY COMPANY, INCORPORATED.

June 16, 1932.

Present, Campbell, C. J., and Holt, Epes, Hudgins and Gregory, JJ.

The opinion states the case.

*Archer L. Jones* and *J. Toomer Garrow,* for the plaintiffs in error.

*Porter & Fry,* for the defendant in error.

Gregory, J., delivered the opinion of the court.

W. H. Harris Grocery Company, Incorporated, instituted an action upon a bond against Joe Fayed and A. Ameen, the penalty of which was $1,500.00. The case was tried by a jury and judgment was obtained for $345.16, which the trial court approved.

The record is so obscure that it is difficult to state the facts clearly.

Joe Fayed, principal, and Ameen, surety, executed a bond, bearing date March 1, 1930, with the Commonwealth of Virginia as obligee. This bond purported to be a forthcoming bond and the material condition thereof is:

"Now, therefore, if the said Joe Fayed shall have the goods and chattels levied on by the city sergeant of the city of Hopewell and involved in this controversy *forthcoming at such time and place as the court may direct*, then this obligation to be void; otherwise to remain in full force and virtue."

The bond was executed in compliance with a court order entered on March 1, 1930, in the action of *Wheeler, sergeant*. v. *Joe Fayed*, whereby Fayed was directed to have certain goods and chattels forthcoming at such time and place as the court might direct.

The present action by notice of motion for judgment was founded on the said bond, the W. H. Harris Grocery Company, Incorporated, claiming to be the beneficiary, thereunder.

The notice and amended notice contained no allegation that there was any breach of the condition of the bond. There was no allegation that the court had ever designated a time or place for the delivery of the goods and chattels. As a matter of fact, the record shows that these same goods and chattels were sold by the city sergeant under a subsequent order of the court, but it is not shown how much,

if any, of the proceeds of the sale were turned over to the Harris Grocery Company, to be applied on its debt.

A demurrer was filed to the notice and amended notice, the principal ground of which was that there was no allegation in either the notice or amended notice that the court had ever ordered Fayed to deliver the goods and chattels at any time or place, and hence there had been no breach of the condition of the bond. The demurrer was overruled and grounds of defense were filed. The case was then tried by a jury and resulted in the verdict we have indicated.

The Harris Grocery Company, did not show, in the evidence before the jury, what goods were not forthcoming and of course could not show the value of any such goods. It proved no violation of the court's order or of the condition of the bond. This being true we do not understand how any judgment could properly have been rendered on the bond.

The first and second assignments of error bring squarely to the attention of the court that no breach of the condition of the bond was plead or proven and that no damage was shown in the evidence.

Both assignments are well taken. It was, of course, necessary that a breach of the condition of the bond should have been plead and proven before any liability could accrue thereon. The failure to do this is sufficient to require a reversal of the judgment.

If a breach of the condition of the bond had been shown—that is, that Fayed had failed to have the goods and chattels forthcoming at the time and place designated by the court—it still would have been necessary that the value of such goods and chattels as were not forthcoming be ascertained and determined before a jury could have assessed damages.

In any event, the judgment will have to be reversed and judgment here rendered in favor of Joe Fayed and A. Ameen.

*Reversed.*